UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN EUBANKS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 25-cv-2799 |
| | : | |
| SERGEANT ERIKA MYERS, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**Joseph F. Leeson, Jr.**                                                                    January 2, 2026
**United States District Judge**

      Shawn Eubanks, Jr., filed a *pro se* Complaint in May 2025, asserting civil rights violations stemming from the seizure of his car incident to an arrest. Eubanks named as Defendants various officers of the Philadelphia Police Department. For the reasons set forth below, this matter will be dismissed with prejudice for failure to prosecute.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      The events that underlie Eubanks's claims are alleged to have begun on July 2, 2024, when Eubanks was arrested after "fighting with his neighbor." Compl. at 4. Eubanks states that "[i]ncident to [his] arrest, Sergeant Erika Myers seized [Eubanks]'s Audi car keys," but that the car "was never linked to a crime and the officers never had a warrant to seize it." *Id.* Eubanks asserts that "[his] sister attempted to get the car from the police station, but they claimed it was not there." *Id.* Eubanks alleges that he spoke with an Officer Rivera "multiple times," but that Officer Rivera made "misleading" statements and told Eubanks "not to worry about the car." *Id.* Eubanks further alleges that Officer Rivera "said that the car was taken to police impound by

---

[1] The factual allegations set forth in this Memorandum are taken from Eubanks's Complaint (ECF No. 3). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

Detective Lackman." *Id.* at 6. Eubanks states that he contacted Detective Lackman, "who was in charge of the impound," but that "Detective Lackman claimed not to have the car." *Id.* at 4. Eubanks alleges that "[m]ultiple tickets were issued in [his] name for thousands of dollars," and [s]ome unknown officers [drove his] car after his arrest," because "[s]ix months later, the car was returned damaged . . . in an amount exceeding thousands of dollars." *Id.* He asserts that unidentified officers at the Philadelphia Police 39th District "wouldn't let his sister report the car stolen." *Id.* at 6. Eubanks seeks compensatory and punitive damages totaling $70 million. *Id.* at 3.

In an Order dated June 17, 2025, the Court granted Eubanks *in forma pauperis* status and directed the Clerk of Court to send Eubanks USM-285 Forms for the Defendants identified by name—Myers, Lackman, and Rivera—to facilitate service of the Complaint on these Defendants by the United States Marshals Service. ECF No. 5. That Order also instructed Eubanks that "[s]ervice cannot be made on the unidentified Defendants named as 'Several Unknown Officers' unless or until Eubanks provides sufficient identifying information to allow for service." *Id.* at 2. Eubanks returned the USM-285 Forms, and the Court issued summonses and directed the U.S. Marshals to effect service. *See* ECF Nos. 6, 7, 8, 9. On July 30, 2025, the U.S. Marshals returned the USM-285 Forms executed as to Defendants Lackman and Myers, but unexecuted as to Defendant Rivera, explaining that "Officer Rivera (39th District)" was insufficient to identify the Defendant, and the U.S. Marshals were "unable to locate[;] need first name or more info to ID." (ECF No. 10 at 3.) The Court sent Eubanks another blank USM-285 Form on August 1, 2025, for Defendant Rivera, detailing the deficiency in the prior form. *See* ECF No. 11. The Court gave Eubanks yet another opportunity by sending another blank USM-285 Form on August 28, 2025. *See* ECF No. 12.

On September 10, 2025, Defendants Lackman and Myers filed a Motion to Dismiss Eubanks's Complaint, and the Court ordered Eubanks to respond to the Motion by October 10, 2025. *See* ECF Nos. 13, 14. When Eubanks did not respond, the Court issued an Order on November 5, 2025, directing Eubanks to show cause why the case should not be dismissed for failure to prosecute, based both on his failure to respond to the Motion to Dismiss filed by Defendants Lackman and Myers and his failure to effect service on Defendant Rivera. *See* ECF No. 15. When Eubanks still did not respond, Defendants filed a Motion to Dismiss for Lack of Prosecution, pursuant to Federal Rule of Civil Procedure 41(b), and the Court directed Eubanks to respond to that Motion. *See* ECF Nos. 18, 19. Eubanks has filed no response, and his time to do so has now expired. For the reasons set forth below, Eubanks's Complaint will be dismissed with prejudice.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* usually is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F.

3

App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

In the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a "drastic" sanction like dismissal with prejudice requires a *Poulis* analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991). A court cannot grant a Rule 12 motion as "unopposed" or "uncontested" without a *Poulis* analysis. *See, e.g., Washington v. Wenerowicz*, No. 21-2741, 2022 WL 39870, at *2 n.5 (3d Cir. Jan. 5, 2022) (*per curiam*); *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019) (*per curiam*); *Wiggins v. MacManiman*, 698 F. App'x 42, 43-44 (3d Cir. 2017) (*per curiam*); *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010) (*per curiam*); *Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009); *Hernandez v. Palakovich*, 293 F. App'x 890, 895-96 (3d Cir. 2008). That is so even if, as here, the plaintiff has been ordered to respond and warned that failure to respond could result in dismissal. *Brzozowski v. Pennsylvania Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*) (remanding where "[t]he District Court did not acknowledge the Poulis factors. Instead, in dismissing Brzozowski's amended complaint, the District Court merely noted that: (1) it directed Brzozowski to respond to the Commission defendants' motion; (2) it warned him that failure to respond might result in dismissal; and (3) Brzozowski nevertheless

4

failed to respond."). Thus, the Court will consider the *Poulis* factors to determine whether it is appropriate to dismiss Eubanks's case for failure to prosecute.

### III.  DISCUSSION

#### A.  Failure to Respond to the Motion to Dismiss

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Eubanks's sole responsibility to prosecute his case and comply with Court orders. *See id.* at 258-59 (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). Eubanks was given three opportunities to file a response to the Defendants' Motion by orders dated September 10, November 5, and December 9, 2025. *See* ECF Nos. 14, 15, 19. Eubanks was expressly informed that if he failed to respond,

this case would be dismissed for failure to prosecute. *See* ECF Nos. 15, 19. Nonetheless, Eubanks failed to file a response to the Motion and did not communicate with the Court in any other respect. Eubanks, as a self-represented litigant, is solely responsible for complying with the Court's orders. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral here. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). Since this case is in its early stage of litigation, there appears to be no prejudice to the Defendants at this point. However, as a practical matter, it is unclear how the Defendants could be expected to defend against a case with an unresponsive plaintiff if the case were to move forward.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. On the one hand, this case is in the early stages of litigation. On the other hand, the litigation cannot proceed beyond its initial stage due to Eubanks's failure to comply with the Court's Orders to file his response. The delay is solely attributable to Eubanks and nothing in the record provides a reasonable explanation as to why he is unable to comply with the Court's directives. For example, there is no indication on the docket that Eubanks failed to receive the Court's Orders directing him to file his response. Because the record shows unexplained delays in Eubanks's prosecution of the case, this factor weighs in favor of dismissal.

6

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. As noted above, Eubanks has been expressly and repeatedly instructed on what he was required to do to prosecute this case, namely respond to the pending Motion, and also has been expressly informed of the consequences of the failure to comply with the Court's Orders. The Court's last two Orders (ECF Nos. 15, 19) made clear that if Eubanks failed to comply with the Order, his case could be dismissed. On this record, Eubanks's failure to file a response may fairly be understood as willful, and this factor weight in favor of dismissal.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective. Eubanks is proceeding *pro se* and his apparent refusal to respond to the pending Motion, if left unaddressed, would be a complete barrier to this case proceeding beyond the pleadings stage. Given the procedural posture of this case, Eubanks's *pro se* and *in forma pauperis* status, and Eubanks's apparent unwillingness to prosecute his claims by responding to the pending Motion, it is difficult to determine what lesser sanction might be available or appropriate in this context. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai-Adoni proceeded *pro se* and *in forma pauperis*, monetary sanctions were not a viable form of alternative sanction."); *Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) (affirming dismissal of case where dilatory conduct "made adjudication of the case impossible. Therefore, any lesser sanction would not have furthered the interests of justice."); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile."). As such, no other sanction would be effective. The fifth factor thus weighs in favor of dismissal.

Under the sixth *Poulis* factor, the Court must consider if the claims or defenses are meritorious. *See Poulis*, 747 F.2d at 869-70 ("A claim or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). Here, Defendants Lackman and Myers have advanced compelling arguments as to fatal deficiencies in Eubanks's Complaint, primarily that the Complaint fails to allege their personal involvement in his claims with sufficient particularity. (*See* ECF No. 13 at 5-6.) Defendant Myers argues that Eubanks's only factual allegation against her is that she seized the car's keys "incident to his arrest," so he cannot state a claim to relief under the Fourth Amendment. (*Id.* at 6-7 (quoting Compl. at 4; and citing *Moore v. Pennsylvania*, No. 21-2880, 2022 WL 2345739, at *6 (E.D. Pa. June 28, 2022), *aff'd sub nom. Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045 (3d Cir. Sept. 14, 2023)).) Defendant Lackman argues that Eubanks's allegations are insufficient to support a Fourth Amendment claim against him because Eubanks does not plead that Lackman caused the seizure of his vehicle. (*See id.* at 7-8 (citing *Oliver v. Pa. State Police*, 2025 WL 662399, at *5 (E.D. Pa. Feb. 28, 2025).) Finally, the Defendants argue that Eubanks fails to state a due process claim, because he does not plead that he pursued any available post-deprivation remedies. (*See generally id.* at 8-10); *see also Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants.").

As in *Poulis*, the Court can discern no allegations in Eubanks's Complaint that would avoid these compelling defenses, and Eubanks filed no response to the motion to dismiss that specifies which of his allegations would overcome the identified defenses. *See Poulis*, 747 F.2d at 870 (explaining that the proffered defense was "on its face, compelling," where plaintiffs

8

made no allegation in the complaint that would avoid the defense and did not respond to the motion to dismiss, and concluding that "[w]hile we express no opinion on whether summary judgment or dismissal would have been warranted on this ground, the existence of a prima facie defense is a factor to be weighed along with the foregoing factors." (internal citations omitted)). Even if the Court were to find the sixth *Poulis* factor to be neutral at this stage of the litigation, the first, third, fourth, and fifth *Poulis* factors weigh in favor of dismissal.

### B.    Failure to Effect Service on Defendant Rivera

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In other words, under Rule 4(m), "the court has the option of dismissing the action or extending time for service" if a defendant is not served within the specified time period. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Here, Eubanks's Complaint was deemed filed on June 17, 2025, when he was granted *in forma pauperis* status and the Court directed Service.[2] *See* ECF No. 5. The deadline to effect service under Rule 4(m) was then extended to run from the date that the Clerk of Court forwarded the

---

[2] "When a complaint is submitted along with an IFP application, the complaint is not deemed filed unless and until IFP status is granted." *Spuck v. Fredric*, 415 F. App'x 358, 359 (3d Cir. 2011) (*per curiam*); *see also Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.1 (3d Cir. 1990) ("When a complaint is accompanied by a motion to proceed *in forma pauperis,* rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted."). The common practice in this circuit has historically been that "both the filing of the complaint and the authorization of service of the complaint on the defendants are postponed while the magistrate judge and/or district judge consider the § 1915(a) (indigency) and (d) (frivolousness) issues together." *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 455 (3d Cir. 1996). So, for cases in which an order issues that both grants *in forma pauperis* status and directs service of the complaint, as has been the practice in the Eastern District of Pennsylvania, filing happens at that time.

service materials to the U.S. Marshals, on July 28, 2025.  *See* ECF Nos. 7, 9.  The time to effect service thus expired ninety days later, on October 27, 2025.

However, the Court must extend the time for service if the plaintiff demonstrates "good cause" for failure to serve.  Fed. R. Civ. P. 4(m); *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) ("If good cause exists, the extension must be granted.").  Even if a plaintiff fails to show good cause for failure to serve, the court must still consider whether any additional factors warrant a "discretionary extension of time" prior to dismissal.  *Boley*, 123 F.3d at 758; *Petrucelli*, 46 F.3d at 1305 ("If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.").  Although "courts should strive to resolve cases on their merits whenever possible . . . justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims."  *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

The U.S. Marshals Service is required to serve process for any plaintiff proceeding *in forma pauperis*.  *See Freeman v. Lincalis*, 158 F.4th 166, 180 (3d Cir. 2025) (citing 28 U.S.C. § 1915(d)).  A court should extend the time for service, rather than dismiss, "after a plaintiff furnishes identifying information," if the U.S. Marshals are unable to locate the identified defendant.  *See id.*  But here, Eubanks was notified that "Officer Rivera (39th District)" was not sufficient "to locate *or identify* this individual."[3]  ECF No. 11 at 1 (emphasis added).  The Court provided Eubanks with numerous opportunities to cure that defect, and he has completely failed

---

[3]  The only other identifying information Eubanks included for "Officer Rivera" in his Complaint was a phone number, *see* Compl. at 6, but that number is listed as the general number for the 39th District, *see* https://www.phillypolice.com/districts/39th-district/.

to respond, so the analysis of the first five *Poulis* factors above applies with equal force.[4] The Court therefore concludes that dismissal of Eubanks's claims against the insufficiently identified and unserved "Officer Rivera" is warranted. *See Tagliamonte v. Wang*, 496 F. App'x 208, 211 (3d Cir. 2012) (*per curiam*) ("A plaintiff, upon becoming aware of a service defect, may not remain silent and do nothing to effectuate such service; if he fails to act upon discovering a service defect, and his suit is thereafter dismissed, he is not being penalized for the failure of the U.S. Marshals and the clerk of the court to effect service but instead because of inaction and dilatoriness on his part." (cleaned up)).

## IV.   CONCLUSION

A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and this Court's orders to prove that claim and entitle him to judgment, if warranted. Absent a plaintiff who is participating in the legal process, this case cannot move forward. So, for the foregoing reasons, the Court finds that the *Poulis* factors weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Eubanks's failure to prosecute. An appropriate order will be filed separately.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[4] As to the sixth *Poulis* factor, the Court notes that Eubanks's claims against Officer Rivera center on Rivera having told Eubanks whom to contact at the impound lot and having made "misleading" statements as to the whereabouts of Eubanks's car. *See* Compl. at 4, 6. In brief, these allegations appear to be insufficient to support Rivera's personal involvement in any constitutional claims.